IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GENETTE DAVIS                                                                                        PLAINTIFF

V.                                                                    CAUSE NO. 3:17-CV-305-CWR-FKB

PECO FOODS OF BROOKSVILLE, INC.                                                      DEFENDANT

**ORDER**

Genette Davis filed this employment discrimination suit against "Peco Foods of Brooksville, Inc.," on April 26, 2017. A month later, "Peco Foods, Inc." filed the present motion to dismiss. It said it was the successor to Peco Foods of Brooksville and argued that the case should be dismissed because Peco Foods of Brooksville no longer existed by that name.

Davis responded with printouts from the Mississippi Secretary of State's office showing that Peco Foods of Brooksville had merged into Peco Foods, as well as an anti-harassment policy in which Davis's former employer referred to itself as Peco Foods of Brooksville. She asked for the case to proceed or, in the alternative, for leave to amend her complaint to reflect the party's correct corporate name.

In rebuttal, Peco contended that leave to amend should be denied because amendment would be futile. It argued that any amended complaint would not relate back to the original complaint, and therefore would fail for expiration of Title VII's statute of limitations.

The Court has reviewed the complaint, arguments, and attachments. It sees the merit of both sides' positions: although the Secretary of State's records show that Peco Foods of Brooksville was merged, and Davis therefore could have sued the successor entity Peco Foods, Davis *also* had a non-discrimination policy in which her former employer held itself out as Peco Foods *of Brooksville*.

In these ambiguous situations one suspects that some level of trust between counsel could have resulted in an agreeable path for how to move forward. That trust is clearly absent here. Fortunately, though, the law is sufficiently developed to provide a solution. Under Federal Rule of Civil Procedure 15(c)(1),

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

An amended complaint which simply replaces Peco Foods of Brooksville with Peco Foods satisfies the conditions set forth in Rule 15(c)(1)(C). Peco will not be prejudiced in defending on the merits; the record shows that it received notice of this suit within three weeks of its filing. Given the EEOC proceedings Peco also should have known that this action would have been brought against it, but for a justifiable mistake concerning its corporate identity.

Peco presses that Davis should have known its corporate identity and "did not promptly move to amend." But the Supreme Court has rejected those precise arguments. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Instead, the Court held "that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not

on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id.* And given everything Peco has known about this suit, under that standard Davis's amended complaint would satisfy Rule 15(c)(1)(C).

For these reasons, the motion to dismiss is granted in part and denied in part. Davis shall amend her complaint within 10 days. If Peco asks that it be served as "Peco Foods,"[1] Davis shall perfect service of process within 30 days from the filing of the amended complaint. *See* Fed. R. Civ. P. 4(m).

**SO ORDERED**, this the 6th day of September, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] The docket sheet does not show any returned summons, so details of the first service are unknown.