IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GENETTE DAVIS                                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:17-cv-305-CWR-FKB

PECO FOODS, INC.                                                                               DEFENDANT

**ORDER**

Before the Court are Plaintiff Genette Davis's Motion to Open Discovery [25] and Motion to Continue Trial [28]. For the reasons described below, the Court finds that the motions should be granted.

**I. Background**

Davis filed this employment discrimination suit on April 26, 2017. A month later, Peco Foods filed a Motion to Dismiss. [4]. The Court ruled on the motion on September 6, 2017, granting it in part and denying it in part. [11]. The Court then entered a Case Management Order on November 8, 2017, setting a discovery deadline of May 22, 2018. [15].

Davis propounded no discovery during the discovery period. On May 29, 2018, Davis and her attorney failed to appear at a settlement conference before the undersigned. On June 5, 2018, Peco Foods filed a Motion to Dismiss or, Alternatively, for Summary Judgment [19], arguing *inter alia*, that Davis failed to prosecute her case. On July 6, 2018, Davis filed a motion requesting an additional sixty days to conduct discovery. [25]. She has since also requested that the trial be continued. [28].

In support of her requests, Davis has submitted two affidavits by her attorney, Charles D. Easley, Jr. Easley explains that the failure to conduct discovery and attend the settlement conference was the result of a back injury he suffered that kept him out of the office from February

1

26 through May 14, 2018. [25-1]. He states that he believed that his office had propounded discovery in the case prior to his injury, but after the expiration of the discovery deadline, he realized that no written discovery had been served on Peco Foods.

Easley testified in his affidavit that after returning from back surgery, he continued to suffer medical problems that inhibited his ability to work on the case. He testifies that he continues to lack full use of his right leg and foot, has suffered nerve damage, and has been slow to heal. [28-1]. He also testifies that he has had difficulty breathing and was diagnosed in September 2018 with asthma. Further, according to his affidavit, he underwent surgery on both of his eyes in September 2018. Easley states that since that surgery, he has had constant headaches, pain in both eyes, and trouble reading. *Id.*

Peco Foods opposes the motion. It contends that counsel's medical problems are an insufficient explanation for the failure to conduct discovery. Peco Foods also argues that reopening discovery would be unfairly prejudicial to its case, as it has already fully briefed a dispositive motion.

**II. Analysis**

Motion [25] amounts to an out-of-time request for an extension of the discovery deadline. "Federal Rule of Civil Procedure 6(b) . . . states that if a request is made to extend time after the original time has already expired, the court may 'for good cause, extend the time ... if the party failed to act because of excusable neglect.'" *See Deaton v. Kroger Co.*, No. 4:13-CV-254, 2014 WL 3452486, at *1 (E.D. Tex. July 15, 2014). The Court weighs four factors in determining whether to permit the out-of-time request for an extension: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4)

whether the movant acted in good faith.'" *Id.* (quoting *Rivero v. Sunbeam Products, Inc.*, No. SA–08–CV591–XR, 2010 WL 1752532 (W.D. Tex. Apr. 29, 2010)).

First, the Court finds that granting Davis's request for an extension would not prejudice Peco Foods. Although Peco Foods has already filed a summary judgment motion, one of the primary grounds for the motion is Davis's failure to conduct discovery and failure to prosecute her case. [20] at 4-9. The remaining arguments in Peco Foods's motion will not be changed by further discovery and should have already been anticipated by Davis's counsel.[1] In sum, nothing in Peco Foods's motion would give Davis an unfair roadmap in conducting discovery. This factor favors Davis.

Second, the request for an additional sixty days to conduct discovery is reasonable, but will result in a significant delay in the scheduled trial date. Peco Foods, however, has not given a substantive explanation as to how the delay itself would prejudice its case. The Court finds that this factor favors neither party.

Third and fourth, Davis, has shown legitimate reasons for delay that were out of her control, although the Court is not convinced that her counsel has acted entirely in good faith. Easley's undisputed affidavit indicates that on February 25, 2018, he ruptured a disc in his back. Easley testifies that he was in severe pain and confined to his bed for an extended time. He further testifies that on April 6, 2018, he had back surgery and did not go back to work part-time until May 14, 2018. According to his affidavit, Easley was still unable to return to work full time by the time of his affidavit, July 7, 2018, and still did not have full use of his right leg or foot and continued to suffer pain in his back, right leg, and right foot.

---

[1] Specifically, Peco Foods argues that (1) Davis has no legally cognizable claim under Miss. Code Ann § 79-1-9, (2) Davis failed to exhaust her administrative remedies, and (3) Peco Foods has articulated a legitimate, non-discriminatory reason for her termination. *Id.* at 10-16.

The Court finds that Easley has not acted entirely in good faith because he provides no explanation for his failure to provide his initial disclosures or to propound or conduct discovery <u>before</u> his injury on February 25, 2018. Nevertheless, the Court should not ignore the unrebutted evidence regarding Easley's condition on and after February 25, 2018. Based on the evidence, the Court finds that the third and fourth factors weigh in favor of Plaintiff, but only for the time from February 25, 2018, until the discovery deadline.

The Court finds good cause for an extension of the discovery deadlines and that Plaintiff's failure to act after February 25, 2018, was due to excusable neglect. Further, having weighed the relevant factors, the Court finds that the majority favor granting Plaintiff's request for a 60-day extension of the discovery deadline. Accordingly, Plaintiff' motion [25] is granted.

Having granted Plaintiff's motion to extend the discovery deadline, the trial of this case must necessarily also be continued. Therefore, Plaintiff's motion [28] is granted.

For the reasons set forth above, the Court amends the Scheduling Order as follows:

1. All discovery must be completed by January 18, 2019;
2. All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by February 1, 2019. The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference;
3. A settlement conference is set for February 14, 2019, at 9:00 a.m. before United States Magistrate Judge F. Keith Ball in Courtroom 5D of the Thad Cochran United States Courthouse in Jackson, Mississippi;

4. The pretrial conference is set for July 9, 2019, at 9:00 a.m. before United States District Judge Carlton W. Reeves in Courtroom 5B of the Thad Cochran United States Courthouse in Jackson, Mississippi; and

5. This matter is set for a jury trial before United States District Judge Carlton W. Reeves during a two-week term of court beginning August 5, 2019, at 9:00 a.m. in Courtroom 5B of the Thad Cochran United States Courthouse in Jackson, Mississippi.

Although Easley's affidavits explain why the Court should not hold Davis responsible for the failure to complete discovery in a timely manner, the affidavits do not explain why Easley or his office failed to contact the Court for more than three months following his back injury and subsequent inability to work. The proper course of action would have been to notify the Court in February or early March 2018, when Easley realized that he would be unable to return to work. He should have requested a continuance at that time.

Currently, the undersigned is uncertain of Easley's medical condition. If Easley is unable to adequately represent his client due to his medical conditions, he should move to withdraw. The Court sets a deadline of November 28, 2018, for Easley to file a motion to withdraw if he believes it to be necessary due to currently-existing medical conditions. If Easley does not file a motion to withdraw by that time, the Court will presume that he does not believe his medical conditions will inhibit his representation of his client going forward, and the Court will hold him the requisite standard of compliance.

SO ORDERED, this the 14th day of November, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE